CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 1 5 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MARTIN MOLLETTE III, | )<br>)<br>) |
| Plaintiff, | ) Case No. 7:09CV00116<br>) |
| v. | )<br>) **MEMORANDUM OPINION**<br>) |
| FRANKLIN COUNTY JAIL, ET AL., | ) By: Glen E. Conrad<br>) United States District Judge |
| Defendants. | ) |

Plaintiff David Martin Mollette III, a Virginia inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, Mollette alleges that the defendants, officials at the Franklin County Jail ("the jail"), failed to provide him with appropriate prescription medications for his serious medical condition, in violation of his constitutional rights. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

## Background

Mollette alleges the following sequence of events on which he bases his claims. Mollette was sentenced to one year in jail. When Mollette entered the jail on November 10, 2008, all of his prescriptions were up-to-date. He had been diagnosed with trigeminal neuralgia, and doctors had prescribed Enalapril, Trazadone, Tegretol, and Neurontin. He states that the Trazadone is prescribed

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

to help him sleep and the Tegretol and Neurontin are to help control the pain. He continued receiving these prescriptions at the jail for two months. In December, Officer Barrett took the prescriptions to Dr. Jeff Lawrence to refill. Dr. Lawrence, without physically examining Mollette, inaccurately stated that Mollette was taking Tegretol for control of seizures and reduced the dosages for both Tegretol and Trazadone. Mollette's mother called about the dosage change, and Mollette was put back on the previous dosages.

The jail doctor did not refill Mollette's prescription of Neurontin. As a result, Mollette stopped receiving this medication on January 11, 2009. Within a few days, Mollette's condition was causing him pain. He complained to the medical officer, Doug O'Neil, who told him that only the doctor could prescribe the medication. O'Neil said he would get Mollette an appointment with the doctor, but then three weeks elapsed and Mollette still had not seen the doctor. On February 5, 2009, Mollette was transferred to the Middle River Regional Jail ("MRRJ"). The doctor who saw him at MRRJ restarted the prescription for Neurontin.

Mollette says that his trigeminal neuralgia condition at times causes unbearable pain. When he first began taking Neurontin in October 2008, he was pain free. The pain returned a few days after he stopped taking the drug in January 2009. When he started taking Neurontin again at MRRJ on February 20, 2009, it did not relieve his pain anymore, and the pain is getting worse. According to Mollette, there is no cure for trigeminal neuralgia, and generally, the pain just keeps getting worse until brain surgery is the only option.

Mollette states that he has only four and a half more months of his jail term left to serve, and he is "not concerned with money." As relief, he asks simply for "immediate and complete release."

## Discussion

Release from confinement imposed pursuant to a state court judgment is ordinarily available only through a habeas corpus petition, pursuant to 28 U.S.C. § 2254 after exhaustion of available state court remedies. Preiser v. Rodriquez, 411 U.S. 475, 490 (1973). If an inmate's pleading demonstrates that he has satisfied the threshold requirements for habeas relief, whatever the label he attached to the pleading, the court can construe his action as a habeas petition and address his claims on the merits. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). If the core of the inmate's complaint is an attack on the conditions of his confinement rather than on the fact or length of his confinement, however, habeas is not the appropriate remedy. Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir. 1983).

In this case, Mollette does not raise any challenge to the fact that he is incarcerated pursuant to his state conviction and sentence, nor does he challenge the length of his incarceration. Moreover, he does not indicate that he has presented his claim of unconstitutional living conditions to any state court. As his allegations thus do not state any ground upon which his confinement is unlawful based on defects in his state criminal proceedings, the court cannot construe or address his complaint as a habeas petition. Rather, Mollette is clearly challenging the conditions of confinement to which he was subjected at the jail in January and February 2009, and the only form of relief he seeks is release from confinement.

Release from custody as an injunctive remedy under § 1983 is possible only under extraordinary circumstances not present here. See, e.g., Castillo v. Cameron County, 238 F.3d 339 (5th Cir. 2001) (regarding district court injunction setting jail population caps to relieve overcrowding conditions at local jail that constituted cruel and unusual punishment). Indeed, in this

case, Mollette indicates that he is no longer subject to the conditions of which he complains, as he has been transferred to a different jail where he began receiving the desired medication. Therefore, any claim for injunctive relief is moot. Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

Furthermore, Mollette's allegations also do not state any constitutional claim on which he would be entitled to recover any other forms of relief that are available under § 1983– monetary or declaratory relief. He names the jail as a defendant, but this entity is not a person subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Mollette also names as a defendant the doctor responsible for his course of treatment at the jail. As the doctor provided diagnosis and treatment, however, Mollette's complaint against this defendant is merely a disagreement as to the appropriateness of the treatment; such claims are essentially allegations of negligent diagnosis or malpractice and are not actionable under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). The remaining defendants, who are not doctors, rightfully relied on the doctor's judgment as to Mollette's course of treatment and so cannot be liable under § 1983 for the alleged harm caused by the doctor's decisions. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). As Mollette's allegations thus fail to state any claim actionable under § 1983, the court will dismiss the action without prejudice, pursuant to § 1915A(b)(1).

## Conclusion

For the stated reasons, the court concludes that the allegations of the complaint do not state any claim on which plaintiff is entitled to the only form of relief that he seeks. Therefore, the court will dismiss the action without prejudice, pursuant to § 1915A(b)(1). An appropriate order shall be issued this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 15th day of April, 2009.

_____
United States District Judge